UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

       - against -

JAIME LONDONO,

                 Defendant.

05-cr-495 (JGK)

MEMORANDUM OPINION
AND ORDER

JOHN G. KOELTL, District Judge:

The defendant, Jaime Londono, moves for a reduction in his sentence pursuant to 18 U.S.C. § 3582(c)(1)(A), which is sometimes referred to as "compassionate release." See United States v. Brooker, 976 F.3d 228, 230-31 (2d Cir. 2020).

On December 20, 2006, the defendant pleaded guilty to Count One of an Indictment that charged him with conspiring in violation of 21 U.S.C. § 846 to distribute and to possess with intent to distribute one kilogram and more of heroin in violation of 21 U.S.C. §§ 812, 841(a)(1), and 841(b)(1)(A). ECF Nos. 42, 80, 168. The defendant pleaded guilty pursuant to a plea agreement that stipulated to a sentencing guidelines range of 292 to 365 months' imprisonment. See ECF No. 276-3, at 23. The parties stipulated that the defendant was responsible for conspiring to distribute at least 30 kilograms of heroin, and the government estimated that the amount of heroin was far greater. Id. at 18; PSR ¶ 72. The defendant received an enhancement as an organizer or leader of the criminal activity. PSR ¶ 84. The defendant was in Criminal History Category II

because he previously had been convicted of a serious narcotics offense and sentenced principally to 33 months' imprisonment, after which the defendant was removed from the United States and returned without permission. See ECF No. 276-3, at 23; PSR ¶¶ 94, 100. The Probation Office recommended a sentence of 365 months' imprisonment. After taking into account mitigating factors, the Court imposed a sentence of principally 292 months' imprisonment, followed by five years of supervised release. ECF No. 168, at 2-3. The Court found that the sentence was sufficient but no greater than necessary to comply with the purposes of sentencing set forth in 18 U.S.C. § 3553(a)(2). ECF No. 276-3, at 25.

The defendant has been in custody after his arrest in July 2005 and is projected to be released from custody on May 10, 2026. On March 21, 2022, the defendant petitioned Warden Rachel Chapa of Giles W. Dalby Correctional Institution ("Dalby CI"), where the defendant was housed, for compassionate release. ECF No. 273-1, at 3-5. Warden Chapa did not respond to the defendant's request. On July 25, 2022, the defendant filed this motion for compassionate release. ECF No. 272. The defendant argues that a combination of factors warrant a reduction in the his sentence, namely, the harsh prison conditions the defendant endured during the pandemic, the defendant's substantial rehabilitation, his numerous medical conditions, his separation

2

from his family and limited access to family visits during his custody, and the increased collateral consequences as a result of his immigration status.

For the reasons explained below, some reduction in the defendant's sentence is warranted.

Section 3582(c)(1)(A) authorizes a court to reduce a term of imprisonment, after considering the factors set forth in section 3553(a), to the extent they are applicable, if the court finds that "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i). A defendant may make such a motion for compassionate release only after "fully exhaust[ing] all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." Id. § 3582(c)(1)(A).

The district court has broad discretion in determining whether a defendant has shown extraordinary and compelling reasons for a sentence reduction. Brooker, 976 F.3d at 236-37. District courts may consider "the full slate of extraordinary and compelling reasons that an imprisoned person might bring before them in motions for compassionate release." Id. at 237. "The only statutory limit on what a court may consider to be extraordinary and compelling is that rehabilitation alone shall

3

not be considered an extraordinary and compelling reason." Id.
at 237-38 (emphasis in original).[1]

The government does not dispute that the defendant has
exhausted his administrative remedies. On March 21, 2022, the
defendant filed a request with the Warden of Dalby CI for a
sentence reduction pursuant to 18 U.S.C. § 3582(c)(1)(A). ECF
No. 273-1, at 1-3. The defendant then filed this motion on July
25, 2022, well after thirty days had elapsed from the Warden's
receipt of the defendant's request. See 18 U.S.C.
§ 3582(c)(1)(A); ECF No. 272.

The Court is also prepared to accept that the combination
of conditions in the defendant's case are sufficient to
constitute "extraordinary and compelling reasons" for a sentence
reduction. "Where no single factor alone may justify release,
the total circumstances may still rise to the level of
extraordinary and compelling reasons for release." United States
v. Resto, No. 08-cr-757, 2021 WL 1109467, at *2 (S.D.N.Y. Mar.
23, 2021). In this case, it is unquestionably true that the
defendant has endured harsh conditions of confinement that were
not contemplated at the time that the Court imposed the
sentence. These included restrictive conditions imposed by

---

[1] Unless otherwise noted, this Memorandum Opinion and Order omits
all alterations, citations, footnotes, and internal quotation marks in
quoted text.

prison authorities to cope with Covid-19, including lockdowns together with the lack of exercise and programs. See, e.g., United States v. Tellier, No. 92-cr-869, 2022 WL 1468381, at *4 (S.D.N.Y. May 10, 2022) ("Although the harsh conditions of confinement do not, on their own, constitute extraordinary and compelling reasons, courts have recognized that the pandemic has made incarceration harsher and more punitive than would otherwise have been the case."). The defendant also has had a series of health conditions, including one three-day stay at a hospital, and some of these conditions have not received prompt attention from the Bureau of Prisons. Because the defendant has been housed at facilities outside the range that his family could reasonably travel to visit him frequently, his family contact during his period of incarceration has also been severely limited. Finally, because the defendant is not a citizen, he has been unable to make use of various release options.

The defendant also presents a compelling story of rehabilitation. "While the Court of Appeals has stressed that rehabilitation cannot be the sole basis for a reduced sentence, the defendant's rehabilitation can be taken into account along with other factors in determining to reduce the defendant's sentence." United States v. Brunson, No. 06-cr-143, 2020 U.S. Dist. LEXIS 242750, at *8 (S.D.N.Y. Dec. 23, 2020); see also

Tellier, 2022 WL 1468381, at *3 ("[Rehabilitation] is a factor that district courts may consider in deciding whether to reduce a sentence."). The defendant has had only two infractions during his seventeen years of incarceration, and the last such infraction occurred more than eleven years ago. After that infraction, the defendant has incurred no infractions and has taken numerous courses at his various facilities and been employed at various productive jobs.

In sum, while none of the defendant's conditions may be sufficient individually to constitute a compelling and extraordinary reason for a reduction of sentence, taken together they are sufficient to demonstrate an extraordinary and compelling reason for a reduction. See, e.g., id. ("Defendant's rehabilitation, severe prison conditions and duration of his sentence already served together satisfy the extraordinary and compelling standard."); Resto, 2021 WL 1109467, at *2-3 (finding that the defendant demonstrated extraordinary and compelling reasons based on his health conditions, "significant strides" towards rehabilitation, the "proliferation of COVID-19" at his prison, and the fact that he had completed more than 92% of his sentence); United States v. Vargas, 502 F. Supp. 3d 820, 824-30 (S.D.N.Y. 2020) (finding that, in combination, the defendant's rehabilitation, harsh sentence, medical issues, the

pandemic, and intention to care for his mother were extraordinary and compelling reasons).

The consideration of the section 3553(a) factors indicates that some reduction in the defendant's sentence is appropriate, although a reduction to time served would not be faithful to a careful consideration of the factors.[2] The Court carefully balanced the Section 3553(a) factors at the time of sentencing. The defendant conspired to distribute a huge amount of heroin. That drug has devastating consequences for its victims. The defendant was a leader of the conspiracy and had previously been convicted of a serious drug offense and returned to the United States illegally and committed an even more serious drug offense. At the time of sentencing, the Court correctly determined that the sentence was sufficient but no greater than necessary to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment, and to afford adequate deterrence. Those goals remain true today, although the history of the defendant's incarceration justifies some moderation. It is also true that it is not necessary at this

---

[2] The section 3553(a) factors are: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence to reflect the appropriate purposes of sentencing; (3) the kinds of sentences available; (4) the Guidelines sentencing range; (5) any policy statement by the Sentencing Commission; (6) avoiding disparate sentences among similarly situated defendants; and (7) the need to provide restitution. 18 U.S.C. § 3553(a).

point to protect the public from the defendant because he has agreed to stipulate to an order of removal and waiver of his rights to resist deportation. See Def.'s Reply, ECF No. 277, at 19; see also United States v. Valencia-Lopez, No. 05-cr-841, 2022 WL 198604, at *3-4 (E.D.N.Y. Jan. 21, 2022) (granting compassionate release to a defendant who demonstrated extraordinary and compelling circumstances warranting early release and who stipulated that he would voluntarily surrender to immigration authorities on his release from prison).

Balancing all of these considerations, the Court will reduce the defendant's sentence of imprisonment by 30 months to 262 months. In calculating the defendant's release date, the Bureau of Prisons should credit any appropriate credits including good time credits for the defendant. The defendant's release is also conditioned on his proffered stipulation to an order of removal and waiver of his rights to resist deportation.

## CONCLUSION

The Court has considered all of the parties' arguments. To the extent not specifically addressed above, the arguments are either moot or without merit. For the reasons explained above, the defendant's motion for a reduction of his sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) is **granted.** The defendant's sentence is reduced by 30 months to 262 months' imprisonment, which is to be reduced by any credits calculated by the Bureau

of Prisons including good time credits. The remaining terms of the defendant's judgment of conviction remain the same, including five years of supervised release with the same conditions of supervised release. The defendant has stipulated to an order of removal and waiver of his rights to resist deportation. The Court will enter an Amended Judgment.

**SO ORDERED.**

Dated:      New York, New York
            December 23, 2022

                                    John G. Koeltl
                        United States District Judge